**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-01794-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.**)

JAIME NARANJO-HERRERA,

      Plaintiff,

v.

MERRICK GARLAND, Attorney General of the United States,
DEPARTMENT OF HOMELAND SECURITY,
IMMIGRATION CONTROL AND ENFORCMENT,
CHOATE, Warden, and
AURORA ICE PROCESSING CENTER,

      Defendants.

---

**ORDER DENYING MOTION TO RECUSE AND DIRECTING PLAINTIFF TO CURE
DEFICIENCIES**

---

Plaintiff Jaime Naranjo-Herrera is currently detained at the Aurora ICE Detention

Center.  On June 30, 2021, he submitted *pro se* a pleading titled "Ex Parte Motion for

Relief 18 U.S.C. 3771" (ECF No. 1)[1] and a Letter requesting that I "not have any part of

this motion or any subsequent action arising out of it" (ECF No. 2).  The Court liberally

construes the Letter as a motion to recuse.

The Court first will address the motion to recuse.  Plaintiff asks me to recuse

because there are "allegations of criminal conduct" against me. (*Id.*).  Title 28 U.S.C.

---

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic filing system (CM/ECF). The court uses this convention throughout this order.

§ 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Plaintiff fails to make any reasoned argument that would demonstrate an appearance of my partiality or bias. The fact that Plaintiff makes an unfounded conclusory allegation of unspecified "criminal conduct" against me is not sufficient. "[B]aseless personal attacks on or suits against the judge by a party" do not mandate recusal in a case in which the judge is not a party." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (per curiam). Therefore, the motion to recuse will be denied.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined the pleading is deficient as described in this order. Plaintiff will be directed to cure the following if he wishes to pursue any claims in this action. Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  xx   is not submitted: must use court-approved Application to Proceed in District Court without Prepaying Fees or Costs (Long Form).
(2)  __   is missing affidavit
(3)  __   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  __   is missing certificate showing current balance in prison account
(5)  __   is missing required financial information
(6)  __   is missing authorization to calculate and disburse filing fee payments
(7)  __   is missing an original signature
(8)  __   is not on proper form
(9)  __   names in caption do not match names in caption of complaint, petition or habeas application
(10) xx   other: In the alternative, Plaintiff may pay filing and administrative fees totaling $402.00 in advance.

**Complaint, Petition or Application**:
(11) __   is not submitted
(12) xx   is not on proper form: must use current court-approved Prisoner Complaint form.
(13) __   is missing an original signature by the prisoner
(14) __   is missing page nos.
(15) __   uses et al. instead of listing all parties in caption
(16) __   names in caption do not match names in text
(17) __   addresses must be provided for all defendants/respondents
(18) __   other: _____.

Accordingly, it is

ORDERED that the Letter (ECF No. 2), which the Court liberally construes as a motion to recuse, is DENIED. It is

FURTHER ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the Clerk of Court shall send Plaintiff two copies of the court-approved Prisoner Complaint form (Prisoner Complaint form is used even though, for purposes of 28 U.S.C. § 1915, Plaintiff is not considered a prisoner) and an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), and one copy of the applicable instructions.  If Plaintiff needs additional court-approved forms, they can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to cure all of the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED July 2, 2021.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge