**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 23, 2021**

_____

**Christopher M. Wolpert**
**Clerk of Court**

In re:  JAIME NARANJO-HERRERA,

Petitioner.

No. 21-1275
(D.C. No. 1:21-CV-01794-GPG)
(D. Colo.)

_____

**ORDER**

_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.

_____

Jaime Naranjo-Herrera, an immigration detainee proceeding pro se, filed an "Ex Parte Motion for Relief 18 U.S.C. § 3771" in the district court.  He also filed a letter requesting that the assigned magistrate judge take no part in deciding his motion.  After opening the matter, the district court construed the letter as a motion to recuse and denied it.  The district court also identified deficiencies in the initial filing and gave Naranjo-Herrera a deadline to cure the deficiencies.  Naranjo-Herrera did not cure the deficiencies.  But he filed an "Ex Parte Petition for Writ of Habeas Corpus" on July 29, 2021.

Naranjo-Herrera then filed a petition for a writ of mandamus in this court.  He argues that the district court obstructed justice by directing him to cure deficiencies in his original filing.  And he asserts that while he is being held in immigration detention, he is "being subjected to severe mental pain and suffering (torture) arising from the sexual assault, torture and humiliating and degrading treatment perpetrated by a number of Aurora ICE Processing Center Officers at the acquiescence of Immigration Control and

Enforcement." Pet. at 7. He therefore requests that this court order the district court to "file and hear" his § 3771 motion, *id.* at 6, to remove the magistrate judge from the matter, and to grant his application for a writ of habeas corpus.

"[M]andamus is not a substitute for an appeal," but is instead "a drastic remedy" that "is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). Naranjo-Herrera "must satisfy three conditions: [he] must have no other adequate means for relief sought, [his] right to the writ must be clear and undisputable, and the issuing court must be satisfied that the writ is appropriate." *United States v. Copar Pumice Co.*, 714 F.3d 1197, 1210 (10th Cir. 2013). The writ is not appropriate "when the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction." *Id.* (internal quotation marks omitted).

Naranjo-Herrera has failed to satisfy the conditions for a writ of mandamus. The petition therefore is denied.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

August 23, 2021

Jaime Naranjo-Herrera
Aurora Detention Center
3130 North Oakland Street
Aurora, CO 80010

**RE:     21-1275, In re: Naranjo-Herrera**
Dist/Ag docket: 1:21-CV-01794-GPG

Dear Petitioner:

Enclosed please find the final order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

CMW/sds